JONES, Justice.
This is an appeal from a declaratory judgment entered in favor of the plaintiffs, James Morris and others, which held that the property purchased by the defendant, Mary Newsome, was intended to be dedicated to the public at large. The plaintiffs are all owners of property within a subdivision in Baldwin County that abuts the Gulf of Mexico. They sought a judgment declaring that certain properties within the subdivision, which they claimed had been represented to them at the times of their respective purchases to be public rights-of-way or accesses to the Gulf, had in fact been dedicated to the public. Only the property purchased by Newsome is involved in this appeal.
Other lots within this subdivision were the subject of a similar suit, and in that suit we affirmed the trial court’s judgment declaring that those lots “belong to the public.” Ritchey v. Dalgo, 514 So.2d 808 (Ala.1987). In that case we reviewed the law of dedication in Alabama. Id., at 810-11. That discussion is relevant to this appeal as well. (We note that Newsome’s deed is dated June 15, 1985. At that time her grantors were already aware of the ongoing Ritchey litigation.)
As in Ritchey, there is nothing in the record to indicate an attempt at a statutory dedication of this 50-foot lot. While the parties in Ritchey agreed that the plats were ambiguous with respect to the question of dedication, Newsome argues in this appeal that the plat containing her property contained no ambiguity. The trial court seemingly agreed: “It appears that the plat of Ponce de Leon Court Annex, if considered by itself in a vacuum, would, in fact, not appear to have any ambiguity.”
The court went on to point out, however: “On the other hand, if Ponce de Leon Court Annex plat is viewed along with prior and subsequent plats filed by the same developers, it appears that it is at least not inconsistent with a scheme of having odd sized lots appear as something other than normal lots.... And if I were to view this particular plat in a vacuum, this plat and this plat alone, I would have to agree with counsel for Ms. Newsome that it does not appear to be ambiguous. On the other hand, as a part of this particular lawsuit, although it does not apply specifically to Ms. New-some, there are other plats. I do not believe that it would be proper to view this plat in a vacuum, ignoring that the owners at the time of this subdivision were the same as both the prior and subsequent subdivision and appear to have had a fairly standard scheme. It therefore appears when considered in pari materia with the other properties developed by these developers, that there is an ambiguity as to the intent of this ... Lot Number 18. Therefore, I will deny Mr. Blackburn’s motion in limine as it relates to ambiguity in the plat. That being the case, evidence will be admissible to determine what that true intent was. And I believe that then makes unnecessary a ruling per se on parol evidence to show common law easements, since if parol evidence is admitted as to the ambiguity, that same evidence would perhaps be admissible to show common law easement.”
We agree with the trial court’s determination that the plat of the subdivision must be considered as a part of the whole subdivision plan, and, thus, that it was appropriate to review the other plats to determine the intention of the developers with respect to the issue of dedication. Consequently, parol evidence was admissible to aid the court in determining what that intention was.
Riley Boykin Smith was assistant secretary of Gulf Beach Land & Development Company, the developer of the subdivision. He testified that he was active in the sale of lots within the subdivision, and that one of the selling points he used was to represent that the area now in dispute was an access to the beach for the owners of lots that were not beachfront property. Other officials and representatives of the company also testified that it was their under *202 standing that the lot in dispute was to be reserved as an access to the beach for owners of back lots, and that they represented to purchasers that intention.
This parol evidence was admissible to show the intention of the developer and is sufficient to support the trial court’s ruling that there was a valid intent on the part of the developer to dedicate this property as a public access to the beach. In addition, a finding that there was an equally valid acceptance of the dedication by the subdivision lot owners and the general public was also supported by the evidence. The judgment of the trial court must, therefore, be affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.